Smith v. Little.

---

## David Smith v. William M. Little.

1. DEFAULTS—*When the Plaintiff is in no Position to Take.*—A plaintiff who has not filed his declaration as the law requires is in no position to ask for a default.

2. NEW PARTIES—*New Declaration.*—While the statute does not in so many words provide for the case of one who has been brought in as a co-defendant after declaration filed against the original defendant, by the reason and policy of the law it is clear that until a declaration filed against him, the new defendant is not bound to plead.

3. INSTANTER—*Rule to Plead.*—Technically the rule to plead instanter means within the judicial day then begun. It is probably true that the term as originally used is understood to mean instantly, immediately or at once, so that upon such a rule a default may follow the entry of the rule, and this in effect makes the rule unnecessary, for the default might as well be entered without it.

4. DEFAULT—*Declaration to be Filed Ten Days, etc.*—It is error to

permit a default, when the declaration against a defendant has not been on file for ten days previously to the first day of the term at which the summons against him is returnable.

**Memorandum.**—Trespass *quare clausum fregit.* Appeal from the Circuit Court of McLean County; the Hon. C. A. MEYERS, County Judge, presiding. Heard in this court at the November term, 1893. Reversed and remanded. Opinion filed February 12, 1894.

The opinion states the case.

ROWELL, NEVILLE & LINDLEY and CHAS. M. PEIRCE, attorneys for appellant.

E. M. PRINCE, and KERRICK, LUCAS & SPENCER, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

Appellee brought trespass *quare clausum fregit* against Adolphus Henshaw.

The issues having been joined, a trial by jury was had. The jury were unable to agree and a rule was taken upon the plaintiff to give security for cost, which rule he complied with. He then asked leave to make the appellant a party defendant, and leave being given, he caused a summons to be sent to Peoria county, where appellant was served on the 8th day of November, 1892, the summons being returnable to the December term, 1892, but the writ was not filed until the 14th day of August, 1893. On that day a rule was taken upon appellant to plead by 1:30 P. M.

Immediately following this order leave was given the plaintiff to file an amended declaration, and then on motion of plaintiff it was ordered "that said defendants be ruled to plead instanter," and thereupon a default was entered against appellant. Immediately following this order in the record appears the amended declaration which avers that defendants, Henshaw and Smith, committed substantially the same trespasses as those alleged in the original against Henshaw.

This is the first declaration appearing in the record against appellant Smith.

On the next day the plaintiff dismissed his suit against

Smith v. Little.

Henshaw, and a jury being called, assessed the damages against Smith, the appellant, at $150.

On the 26th of August, appellant moved the court to set aside the default and filed his affidavits in support of the motion.

Counter affidavits were filed, and the court overruled the motion and entered judgment. It appears that appellant was the owner of the land on which the alleged trespasses were committed; that appellee was his tenant; that Henshaw was the Canada thistle commissioner for the township, and that the supposed trespass consisted in the acts of Henshaw with the consent and co-operation of appellant in going upon the land while in possession of appellee, and plowing up a portion of it for the purpose of destroying a patch of thistles which had appeared on the land.

If the acts in question were really trespasses it was because the statute in such case made and provided had not been properly observed, as to which we need express no opinion at this time.

It is shown, however, that Henshaw had avowed his acts as such commissioner, and that on the trial wherein he made this defense, the jury disagreed. It also appears that appellant, after he was served with process, relied upon Henshaw to continue the defense, and that he had some reason for such reliance. The course pursued by the plaintiff was, to say the least, unusual, and might well call for explanation. First, the summons which was served on appellant in November was not returned into court and filed until the following August, although two terms of court intervened, and after a default had been obtained against appellant, the plaintiff dismissed Henshaw from the case, and having thus obtained a clear field, he proceeded to assess damages at the sum named.

On examining the evidence upon which this assessment was made, we feel inclined to hold that the amount allowed is grossly excessive.

The plaintiff, when making his application for leave to prosecute as a poor person, stated in his affidavit that his

damages were $100, but on the assessment he testified to
$150.

All things considered, we think the court was quite strict
with appellant in refusing his motion to set aside the judg-
ment. Without discussing the question as to the diligence
of appellant as shown in the light of the various affidavits,
there seems to be one view of the matter which requires us
to reverse the judgment, and that is that when the default
was taken the appellee was in no position to ask for it be-
cause he had not filed his declaration against appellant as the
law requires. Manifestly, under the practice act, if the suit
had been against Smith alone, the failure to file a declaration
ten days before the second term after service, would have
entitled the defendant to a judgment as in case of non-suit
(Par. 18, Ch. 110), and in such case, it would have been error
to take default as was done here, on the very day the decla-
ration was filed.

While the statute does not, in so many words, provide for
the case of one who has been brought in as a co-defendant
after declaration filed against the original defendant, we
think the reason and policy of the law very clear that until
declaration filed against him, the new defendant is not bound
to plead. . Indeed, there is nothing for him to plead unto.
No allegation has been made against him. It would be illog-
ical to require him to plead to a declaration solely against
another. And if he need not plead until a declaration is
lodged against him, is he not entitled to all the rights which
he would have if he were the sole defendant?

Surely the statute can not be evaded by the course here
adopted.

Another point not presented by the argument is whether
the default was not taken within the time ruled to plead.

The order was that the defendants plead "*instanter*."
This was assumed to mean instantly. Technically, how-
ever, it means within the judicial day then begun. 1 Bouv.
Law Dic. 645. It is probably true that the term, as ordi-
narily used, is understood to mean instantly, immediately, or
at once, so that upon such a rule, a default may follow the

entry of the rule, and this, in effect, makes the rule unnecessary, for the default might as well be entered without it.

Waiving this point, however, we think it was error to permit the default, when the declaration against appellant had not been on file for ten days previously.

The appellant having asked that the default be set aside and he let in to plead, must plead to the merits. He can not ask for judgment as in case of non-suit, nor can he be heard to object that he was served in another county, even if the action were not local, as it is.

The judgment will be reversed and the cause remanded with directions to allow the appellant to plead to the merits.